**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL R. RODRIGUEZ,

Defendant - Appellant.

No. 07-6190

(W.D. Oklahoma)

(D.C. No. CR-06-288-2-F)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Joel R. Rodriguez was convicted by a jury on February 21, 2007, in the

United States District Court for the Western District of Oklahoma of production,

use, or trafficking in counterfeit access devices, *see* 18 U.S.C. § 1029(a)(1), and

possession of 15 or more unauthorized access devices, *id.* § 1029(a)(3). The

district court sentenced him to 48 months' imprisonment, and he appealed.

Finding no meritorious issues for appeal, his counsel has submitted an *Anders*

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel provided Mr. Rodriguez with a copy of the brief, but Mr. Rodriguez has filed no pleadings with this court. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal and grant the motion.

*Anders* held that a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). To this end, counsel must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted).

The presentence report (PSR) provides the following account: On November 3, 2006, a person in New Mexico called the Oklahoma City Police Department (OCPD) to report the fraudulent use in Oklahoma of his credit card. The victim told the OCPD that his bank had notified him that his credit card number had been used at the Days Inn motel in Oklahoma City; he said that he had the card in his possession and had not authorized its use. He also told the OCPD that his debit card had been used on November 2 at the TravelCenters of

America in Santa Rosa, New Mexico, and on November 3 at the Love's Country Store in Amarillo, Texas.

Officers went to the Days Inn to investigate and learned that two men had used the reported credit-card number to rent two rooms (rooms 243 and 244). At room 244 they found Arian Rodriguez and Mr. Rodriguez. The hotel employee identified Arian as the man who had used the card to rent the rooms and said that Mr. Rodriguez was with him. The officers arrested Arian and detained Mr. Rodriguez in the room. When an officer asked Arian for identification, he pointed to his wallet. The officer opened it and discovered a small bag of cocaine and six unsigned credit cards, along with the card used to rent the room. An officer discovered in Mr. Rodriguez's wallet a fake South Carolina driver's license with Mr. Rodriguez's picture and the name "Jorge Diaz," as well as four credit cards with that same name. The officers also found another small bag of cocaine and a receipt from TravelCenters of America, which contained the victim's card number. Officers then searched Mr. Rodriguez's vehicle, finding 30 more counterfeit credit cards. During the course of the investigation, two people exited room 243 and were detained. Officers asked them for identification and one of the individuals surrendered his wallet, which contained several unsigned

credit cards. The United States Secret Service determined that the credit cards were counterfeit. Credit cards are "access devices" under § 1029(e)(1).[1]

Under the United States Sentencing Guidelines (USSG), the base offense level for violating § 1029(a)(3) is six. *See* USSG § 2B1.1. Because Mr. Rodriguez was held accountable for $27,000 in intended loss (54 counterfeit credit cards x $500.00) he received a four-level increase, *see id.* § 2B1.1(b)(1)(C). He received an additional two-level increase because the offense involved the trafficking of counterfeit credit cards, *see id.* § 2B1.1(b)(10)(B)(i), and another two-level increase for obstructing justice (he impeded the investigation by falsely telling the officers that Jorge Diaz was his brother), *id.* at § 3C1.1(A), resulting in a total offense level of 14. His criminal history (which included multiple drug offenses, felony assault, and felony escape from an inmate-release program) produced eight criminal-history points, placing him in criminal-history category IV. As a result, his Guidelines sentencing range was 27 to 33 months'

---

[1]The statute defines an *access device* as:
    any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

*Id.* § 1029(e)(1).

imprisonment.  The district court, however, varied upward from the Guidelines

and sentenced Mr. Rodriguez to 48 months.  The court explained:

> In imposing sentence in this case, I take into account the factors mandated by section 3553, specifically the purposes set forth in Section 3553(a)(2), . . . the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparities, the advisory guideline calculation and the relevant guidelines policy statements . . . .
>
> I am especially influenced by the nature and circumstances of the offense and the history and characteristics of this particular defendant, as well as the need to protect the public from further crimes of this defendant.
>
> It is my conclusion that a guidelines sentence would not be appropriate in this case. . . .  This defendant does have a history of serious criminal activity with the United States. . . .
>
> I remain convinced that whatever term of incarceration I give this defendant will simply be an interruption in his criminal career. And for that reason, it is my conclusion that a term of imprisonment significantly higher than the guideline range is appropriate in this case.

R. Vol. 1 at 10–12.

After carefully reviewing the record on appeal, we see no meritorious

issues for appeal.  We therefore DISMISS Mr. Rodriguez's appeal and GRANT

his counsel's motion to withdraw.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge